JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Inocente Quiju Ramos,<br><br>             Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>             Respondents. | No.  CV-25-04743-PHX-DJH (ASB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1.)[1]  This case presents the recurring issue of whether a particular person is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  A district court in the Central District of California recently certified a class that may include Petitioner.  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).  The court issued an earlier decision—consistent with other district courts, including this Court—concluding individuals in Petitioner's position (those who entered the United States decades ago) are not subject to mandatory detention.  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Capote v. Secretary of U.S. Dep't of Homeland Sec.*, 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have

---

[1] Petitioner also filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.  (Doc. 2.)  Because the Court is directing Respondents to show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief.  The motion will therefore be denied without prejudice.

held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases).

Respondents must show cause why the Petition should not be granted. In doing so, Respondents must state whether Petitioner is a class member under *Bautista*, 2025 WL 3288403, at *1. If Petitioner is a class member, Respondents must explain whether they are obligated to provide him a bond hearing based on the *Bautista* orders or if an additional order from this Court is required to entitle Petitioner to a bond hearing.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must **immediately** serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov. Respondents must show cause as detailed herein no later than **December 29, 2025**. Petitioner may file a reply no later than **December 30, 2025**.

Dated this 19th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge